### DUGAN et al. v. MILES, Collector of Internal Revenue.

(District Court, D. Maryland. December 1, 1921.)

No. 963.

1. Internal revenue ⬅8—Transfer taxes levied on an estate held excessive.
    Where devisee under a will took an annuity of $25,000 and a power of disposition by will over $250,000, a transfer tax, based on the value of the annuity plus the $250,000, is excessive; and the tax should be levied on $250,000 plus the value of an annuity of $15.000, basing the income from the fund over which the devisee had disposition at the rate of 4 per cent.

2. Internal revenue ⬅38—Count held sufficient to state cause of action for recovery of excess taxes.
    A count of a declaration setting out the provisions of a will requiring trustees to accumulate the income of an estate during the widow's life,

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

that all such accumulations after her death go to exempt corporations. that the widow was to have a power of disposition by will over $250,000, and that transfer taxes had been paid on the $250,000, states a cause of action to recover the transfer tax levied upon the difference between $250,000 presently demandable and that sum payable without interest after the death of the widow.

3. **Pleading** ⊜=193 (8)—**Declaration not bad because asking more than that to which pleader was entitled.**

In a suit to recover excess transfer taxes, the fact that a count of the declaration asked more than that to which the pleader was entitled does not make it bad, if it discloses on its face a legal right to a judgment for something.

4. **Internal revenue** ⊜=38—**Declaration in action to recover excess transfer taxes held demurrable for failure to allege duress.**

In an action to recover excess taxes on the transfer of an estate, the failure to allege in the first count that the payment was made under duress makes the first count subject to demurrer.

5. **Internal revenue** ⊜=8—**Count for refund of taxes held based on wrong theory.**

In an action to recover excess taxes paid on the transfer of an annuity of $25,000 per year and a power of disposition by will over $250,000, a count based on the theory that the most that the government was entitled to levy upon was $250,000 and, having assessed the annuity at $165,325.25, all that remained to be taxed was $84,674.75, was based on a mistaken theory.

At Law. Action by Hammond J. Dugan and another, executors, against Joshua W. Miles, Collector of Internal Revenue for the District of Maryland. On demurrer to the declaration. Sustained in part.

Venable, Baetjer & Howard and Ferdinand C. Dugan, all of Baltimore, Md., for plaintiffs.

Robert R. Carman, U. S. Atty., of Baltimore, Md., for defendant.

ROSE, District Judge. The late Thomas O'Neill bequeathed some taxable legacies to persons other than his widow; but as there is no dispute about the tax on them, they may be ignored in this discussion. All the rest of his large property was left to trustees, during the life of his widow. They were to accumulate the income thereon, were to pay her an annuity of $25,000 during her life, and at her death, after applying $250,000 to such uses as she might by will appoint, they were to turn all the rest of the estate over to three corporations, legacies and devises to every one of which are exempt from the estate tax. All therefore that can be taxable is what the widow is either to receive or dispose of.

[1] The defendant has insisted on collecting the estate duty on the value of the annuity, commuted at $165,325.25, and upon the full quarter of a million over which the widow is given power of testamentary appointment. That is to say, the estate has been required to pay upon $415,325.25. It is clear that this sum largely exceeds the present value of everything which will in any sense ever go to the widow, and that therefore something has been taxed which Congress intended to exempt.

---

⊜=For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Apparently in calculating the present value of the annuity, the treasury assumed money to be worth 4 per cent. and that rate will be used for illustrative purposes. Any other will do as well. At it, the $250,000, over which the widow has the power of testamentary appointment, will, while the trustees hold it, produce $10,000 per annum and to make up her full annuity $15,000 will have to be supplied by other portions of the estate, and that is all that will come from other sources. The present worth of an annuity of $15,000 is, of course, just three-fifths of one of $25,000, or, at the rate assumed, $99,195.15. It is therefore demonstrable that using the assumed rate of interest, everything the widow gets is $250,000 plus $99,195.15, or $349,195.15, and that is all that should be taxable, if full effect is to be given the will of Congress. It may be that the ordinary mortality tables used for determining the present value of an annuity and the present cost of a lump sum payable at the termination of an annuitant's life may be made up on slightly different theories. If so, the figures stated will not be those used in practical operation, but the difference cannot be great. In other words, the government has collected a tax upon something like $66,130.10, which, as it did not go to the widow, will go to the exempt residuary legatees, and is, in consequence, not taxable.

Of course, the circumstance that the same person who is to receive the annuity of $25,000 a year is also to have the power of appointment after the termination of the annuity over $250,000 more is a mere accident, which, while it makes simpler the demonstration of the untenableness of the government's claim, really does not affect the problem at all. Reduced to its simplest terms, it is merely this: If a testator leaves the income, that is to say, the use of a sum of money, to an exempt legatee, for the life of some survivor of the testator, and after the death of such survivor directs that such sum shall go to some nonexempt purpose, is the government entitled to tax the whole value of that sum? If that question shall be answered in the affirmative, it means that there will be taxed that which the law says shall be exempt.

If the testator had directed that from a thousand dollar bond all the coupons maturing in the next eight years should go to an exempt institution, and the bond, shorn of them, to a taxable legatee, no one could suppose that the latter had received at the time of the testator's death the present market value of the bond with all coupons attached.

[2] The declaration contains four counts to each of which the defendant has demurred. The first recites such of the provisions of the will as require the trustees to accumulate the income of the estate during the widow's life, and the fact that all such accumulations after her death go to the exempt corporations. From what has been said, it is apparent that this count discloses a cause of action not indeed to recover the tax on all the $250,000, but on so much of it as is levied upon the difference between $250,000 presently demandable, and the same sum, payable without interest after the death of the widow. It is true that in this count nothing is said about the annuity of $25,-000 and the payment of the tax upon its calculated present value, but as has been already pointed out, there were no legal reasons why anything should have been said as to those circumstances.

[3] It is further true that the plaintiffs claim recovery of all the tax paid upon $250,000. That they ask for more than that to which they are entitled does not make the count bad if it discloses on its face a legal right to a judgment for something. As for other reasons it will have to be amended, it will be well for the plaintiffs to avail themselves of the opportunity to make clear in it the precise issue which they wish to raise.

The government further objects that the appeal to the commissioner made no reference to the annuity, and did ask him to refund the entire tax on the $250,000. Even so, all the facts necessary to bring to his attention plaintiffs' right to a part of it were disclosed, and if the time in which a new appeal could be taken had expired, I should have little difficulty in holding that in this respect the count was good. Still, as the very learned and experienced counsel for the government seem to be convinced that they are right in this matter, the plaintiffs may think it best to get rid of the possibility of other minds taking that view.

[4] The government contends that the declaration does not, in any of its counts, sufficiently allege that the payment was made under duress. Of course, everybody knows that the only reason the money was paid was because the collector insisted that it should be. The government apparently, however, feels that a bad precedent would be established if it did not require the plaintiffs to say, in so many words, that they paid only under compulsion. As that request can be so easily complied with, there is no reason why the government's wishes should not be met; but as that has not as yet been done, the demurrer to the first count will be sustained.

[5] The theory of the second count appears to be that the utmost that the government was entitled to levy upon was $250,000, and that having assessed the annuity at $165,325.25, all that remained to be taxed was the difference between it and $250,000, or $84,674.75. I do not think this is true, or even partly true, and the demurrer to this count will be sustained.

The third and fourth counts state alternate ways of figuring the amount which the plaintiffs think they were entitled to recover. They contain considerable surplusage, and may, as defendant suggests, be somewhat argumentative. If the first count be properly amended, they are unnecessary, so that the demurrer to each of them will be sustained.